UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIKA PARKER,<br><br>  Plaintiff,<br><br>  v.<br><br>KAISER PERMANENTE,<br><br>  Defendant. | No. 2:16-cv-2009 MCE DB PS<br><br><br><br>ORDER |

Plaintiff, Arika Parker, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.)

Plaintiff's complaint alleges that the defendant committed malpractice by holding plaintiff pursuant to California Welfare and Institution Code § 5150. The complaint alleges, generally, that the defendant held plaintiff involuntarily pursuant to § 5150, refused to show her a copy of the § 5150 protocol, refused to allow her to speak to a supervisor, and refused to allow her to contact the police.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's informa pauperis application is incomplete and her amended

1

complaint is deficient in several respects. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application is incomplete. In this regard, the application asks plaintiff whether she has received any money from several identified sources within the past 12 months and, if so, to describe the source of the money and the amount received. (ECF No. 2 at 1.) Plaintiff's application states that she received money in the past 12 months from business, profession or other self-employment, as well as from other sources. (Id.) Plaintiff, however, failed to describe the source of the money or state the amount received. (Id.)

Moreover, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the

factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

Here, plaintiff's complaint alleges that the basis for federal court jurisdiction over plaintiff's state law claim of malpractice is diversity of citizenship.  (Compl. (ECF No. 1) at 4.)  Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).  "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

////

    Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

    The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

    District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

    Here, the court does not have diversity jurisdiction because the complaint alleges that plaintiff and defendant are both citizens of California. (Compl. (ECF No. 1) at 5.) Moreover, plaintiff's complaint is devoid of any facts such as dates, names, or locations. In this regard, although the complaint complains, for example, that plaintiff was forced to change into "paper scrubs," forced to take medication, and misdiagnosed, the complaint does not alleges by whom,

1   when, or where any of the conduct at issue occurred.  (Compl. (ECF No. 1) at 7.)

2   Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Accordingly, plaintiff's complaint will be dismissed.

### III.     Leave to Amend

The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted and over which the court would have subject matter jurisdiction.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the vague and conclusory nature of the complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.

5

1  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an
2  amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended
3  complaint "the tenet that a court must accept as true all of the allegations contained in a complaint
4  is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,
5  supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.  "While
6  legal conclusions can provide the complaint's framework, they must be supported by factual
7  allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from
8  conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

9      Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
10  amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
11  in itself without reference to prior pleadings.  The amended complaint will supersede the original
12  complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
13  just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
14  and identified in the body of the complaint, and each claim and the involvement of each
15  defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file
16  must also include concise but complete factual allegations describing the conduct and events
17  which underlie plaintiff's claims.[1]

18  **IV.   Conclusion**

19      Accordingly, IT IS HEREBY ORDERED that:

20      1. Plaintiff's August 23, 2016 motion to proceed in forma pauperis (ECF No. 2) is denied
21  without prejudice.

22  ////

23  ////

---

[1] To the extent plaintiff intended to allege a violation of a right secured by the Constitution, plaintiff is advised that 42 U.S.C. § 1983 is "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (citations and internal quotation marks omitted).  To state a cognizable claim under § 1983, a plaintiff must allege: (1) a violation of a right secured by the Constitution and the laws of the United States; and (2) that the deprivation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 28 (1988); Ketchum v. County of Alameda, 811 F.2d 1243, 1245 (9th Cir. 1987).

      2. The complaint filed August 23, 2016 (ECF No. 1) is dismissed with leave to amend.[2]

      3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

      4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  December 16, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/parker2009.ifp.dism.ord

---

[2]  If plaintiff elects to file an amended complaint, plaintiff must either file a completed application to proceed in forma pauperis or pay the applicable filing fee.

[3]  Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.